**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ANGELICA LEE PEREZ,

      Plaintiff,

v.                                                                No. 2:26-cv-00523-DHU-GJF

NEW MEXICO CHILDREN, YOUTH
AND FAMILIES DEPARTMENT and
ROCIO RAKES,

      Defendants.

**<u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>**

This case arises from child custody/welfare proceedings. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed February 20, 2026 ("Complaint"). Plaintiff, who is proceeding *pro se*, alleged that Defendant Children, Youth and Families Department ("CYFD") and Defendant Rakes, a CYFD caseworker, violated Plaintiff's due process, equal protection and parental rights. Plaintiff sought monetary damages. *See* Complaint at 7.

United States Magistrate Judge Gregory J. Fouratt notified Plaintiff:

(i)      Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment. However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states: (i) A state may consent to suit in federal court; (ii) Congress may abrogate a state's sovereign immunity by appropriate legislation; and (iii) under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief. The Complaint fails to show that the Court has jurisdiction over Plaintiff's claims against CYFD

because there are no factual allegations showing that any of the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states apply to Plaintiff's claims against the CYFD.

(ii)     It appears the Complaint should be dismissed for failure to state a claim. Vague and conclusory allegations such as "Defendants violated Plaintiff's constitutional rights by participating in the removal and continued custody of plaintiff's children without adequate factual basis, without sufficient investigation and without providing plaintiff meaningful procedural protections" are not sufficient to state a plausible claim. The Complaint does not contain allegations describing the alleged lack of an adequate factual bases, insufficient investigation, denial of due process and interference with parental rights.

(iii)    The Court will not review the documents Plaintiff attached to the Complaint to determine whether Plaintiff can state a plausible claim. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record").

Order to Show Cause at 3-5, Doc. 5, filed February 25, 2026. Judge Fouratt ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint and notified Plaintiff:

> The amended complaint "must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added). The amended complaint must identify each proceeding in which the acts giving rise to Plaintiff's claims occurred, describe the nature of the proceedings including the state law under which each proceeding arises, identify whether the proceedings are administrative or court proceedings,

2

provide the case numbers and initiating document for each proceeding, state whether each proceeding is ongoing or has concluded, and state whether Plaintiff has appealed the determination of any proceeding and the result of the appeal.

Order to Show Cause at 5.

Plaintiff filed an Amended Complaint asserting claims for: (i) due process violations pursuant to the Fourteenth Amendment pursuant to 42 U.S.C. § 1983; (ii) "failure of reasonable efforts;" and (iii) "false or misleading representations." Amended Complaint for Violation of Civil Rights (42 U.S.C. § 1983) at 1, Doc. 6, filed March 18, 2026. The only factual allegations in the Amended Complaint state:

9.    On May 29,2024, Plaintiff recorded a conversation with Defendant.

10.   At 00:07:00 Defendant stated: 'Because at that time, you don't need it.' (failure to provide services).

11.   At 00:05:40-00:06:45 Defendant admitted stability: 'you had a home... you were working.'

12.   Defendant gave conflicting explanations: 'intel' (00:00:15), 'surveillance' (00:02:25), 'witness' (00:10:25), 'observation' (00:10:05).

13.   Plaintiff stated homelessness at 00:08:50.

14.   Defendant stated attorney not notified at 00:12:30.

Amended Complaint at 1. Plaintiff seeks compensatory damages and declaratory relief for her "loss of parental rights, emotional distress, and denial of fair process." Amended Complaint at 1.

The Amended Complaint names CYFD as a defendant and states CYFD is "included for context; claims focus on individual conduct." Amended Complaint at 1. In her Response which she included on the second page of her Amended Complaint, Plaintiff states: "Immunity Clarification: Claims focus on Defendant Rocio Rakes in individual capacity." Amended Complaint at 2. Plaintiff does not otherwise address CYFD's sovereign immunity under the Eleventh Amendment.

3

The Court concludes it does not have jurisdiction over Plaintiff's claims against CYFD because there are no factual allegations showing that any of the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states apply to Plaintiff's claims against CYFD. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). The Court dismisses Plaintiff's claims against CYFD without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

Plaintiff appears to assert a violation of Plaintiff's due process right to familial association pursuant to 42 U.S.C. § 1983. *See* Amended Complaint at 1 (stating "Plaintiff suffered loss of parental rights"); *see also* Complaint at 4 (stating "Defendants violated pla[i]ntiff[']s constitutional rights by participating in the removal and continued custody of pla[i]ntiff[']s children").

The Court dismisses Plaintiff's due process claims to 42 U.S.C. § 1983 for failure to state a claim.

> The government's "forced separation of parent from child, even for a short time, represents a serious impingement" on a parent's substantive due process right to familial association. A familial association claim must be based on allegations of abusive government authority. A parent must allege "*intent* to interfere" with this right—that is, the state actor must have directed conduct at the familial relationship "with knowledge that the statements or conduct will adversely affect that relationship." Again, the right is not absolute, but must be weighed against the state's interest in protecting a child's health and safety. In conducting this balancing, courts consider the severity of the infringement on the protected relationship, the need for defendants' conduct, and possible alternative courses of action.

4

> To state a claim, Ms. Doe must have alleged that (1) the Defendants intended to deprive her of her protected relationship with her daughter; and that (2) the Defendants either unduly burdened Ms. Doe's protected relationship or effected an "unwarranted intrusion" into that relationship.

*Doe v. Woodard*, 912 F.3d 1278, 1300-01 (10th Cir. 2019) (citations omitted). Plaintiff has not alleged facts showing that Defendant Rakes unduly burdened Plaintiff's relationship with her children or effected an unwarranted intrusion into that relationship. The Court has not reviewed the 25 pages of documents attached to the Amended Complaint to determine whether Plaintiff can state a plausible due process claim. *See* Order to Show Cause at 5 (notifying Plaintiff that the court cannot take on the responsibility of serving as her attorney in constructing arguments and searching the record).

The Court, having dismissed Plaintiff's federal law claims, declines to exercise supplemental jurisdiction over Plaintiff's state-law claims for "failure of reasonable efforts" and "false or misleading representations" and dismisses this case. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

**IT IS ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE